UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA

    -against-                                  MEMORANDUM
                                                AND ORDER

THOMAS MAXWELL,
                                                     07 MJ 944 (RML)

                Defendant.
----------------------------------------------------------X

LEVY, United States Magistrate Judge:

        In August 2007, defendant Thomas Maxwell ("the defendant" or "Maxwell") was arrested and charged with knowingly and intentionally threatening to assault and murder a federal law enforcement officer, with the intent to impede, intimidate, or interfere with such law enforcement officer while engaged in the performance of official duties, in violation of 18 U.S.C. § 115(a)(1)(B). He now moves, pro se, to dismiss the charges on speedy trial grounds.

## BACKGROUND

        The chronology of this case is set out in detail in the Letter of AUSA Jack Dennehy, dated January 9, 2008 ("Dennehy Ltr."). Briefly, the defendant has been detained since his arrest on August 24, 2007. At his arraignment on August 25, 2007, the court granted defense counsel's request for an initial psychological evaluation and issued an Order of Temporary Detention. On August 28, 2007, a psychologist at the Metropolitan Detention Center evaluated the defendant and preliminarily diagnosed him as having a "thought disorder" and "grandiose delusions." (Dennehy Ltr. at 1.)

        On September 4, 2007, the Honorable Kiyo A. Matsumoto, then a United States Magistrate Judge, issued a Permanent Order of Detention. Judge Matsumoto further ordered that the defendant be committed to the custody of the Attorney General for thirty days, and that a

psychiatric examination be conducted, pursuant to 18 U.S.C. § 4241(a). (See Dennehy Ltr., Ex. A.) Judge Matsumoto's order further directed that "the time from September 4, 2007 until the expiration of the 30-day period plus extensions granted by this Court or, if the defendant is examined outside the Eastern District of New York or Southern District of New York, until the return of the defendant to this district, shall be excluded in computing the time within which an information or an indictment must be filed." (Id.) Judge Matsumoto granted two requests for extensions of time (see Order dated Oct. 16, 2007; Order dated Oct. 19, 2007), and the Honorable Viktor Pohorelsky, United States Magistrate Judge, conducted status conferences on November 1, November 16, and November 20, 2007.

On November 8, 2007, Dr. Elissa Miller, a Bureau of Prisons psychologist, submitted her findings to the court regarding her examinations of Maxwell. Dr. Miller opined that the defendant was not competent to stand trial or assist in his own defense. At the November 20, 2007 status conference, Judge Pohorelsky granted defense counsel's request for an independent psychiatric evaluation. The Honorable Marilyn Dolan Go, United States Magistrate Judge, then conducted a status conference on January 8, 2008, at which the court entered an order of excludable delay.

I then conducted status conferences on February 12, 2008, March 12, 2008, and March 24, 2008. At the March 24, 2008 conference, I placed on the record the findings of Dr. Alexander Bardey, a psychiatrist retained by the defense, who concurred with Dr. Miller that Maxwell was not competent to stand trial or assist in his own defense.

On April 7, 2008, the United States moved for a hearing to determine the

defendant's competency. The Honorable Sterling Johnson, Jr., United States District Judge,[1] held a status conference on April 17, 2008, and then conducted a competency hearing on April 24, 2008. On May 29, 2008, Judge Johnson issued a Memorandum and Order finding that the defendant was not competent to stand trial because he suffered from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist in his own defense. Judge Johnson committed the defendant to the custody of the Attorney General for the purpose of being restored to competency (see Memorandum and Order, dated May 29, 2008) and further ordered that the defendant be returned to this court on October 3, 2008 for a re-evaluation of his competency (see Order, dated May 29, 2008).

The defendant was then transferred to the Federal Medical Center at Butner, North Carolina ("Butner") for evaluation. After receiving extensions of time to complete their evaluation, Dr. Jill R. Grant, a psychologist, and Dr. Mark Cheltenham, a psychiatrist, issued their report diagnosing Maxwell with paranoid schizophrenia and concluding that he remains incompetent to stand trial and would require involuntary medication to restore his competency. (See Letter of Warden A.F. Beeler, dated Dec. 3, 2008, attached as Ex. C to the Dennehy Ltr.) On December 11, 2008, Judge Johnson held a status conference at which counsel reported that the defendant had refused to take his prescribed anti-psychotic medications, and the government requested an order to have him forcibly medicated. The defendant was returned to the Eastern District of New York on approximately December 15, 2008. Judge Johnson has scheduled a

---

[1] Because a determination of competency must be made by an Article III judge, Judge Johnson was selected by random assignment to conduct the competency hearing. All proceedings relating to the competency hearing are recorded under docket number 08 MC 179 (SJ).

further status conference for February 19, 2009, to consider whether the defendant may be forcibly medicated so that he may be restored to competency.

**DISCUSSION**

The Speedy Trial Act of 1974 (the "Act") requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The Act further requires a federal criminal trial to begin within seventy days after a defendant is charged or makes an initial appearance. 18 U.S.C. § 3161(c)(1). Recognizing that criminal cases vary widely and that there are valid reasons for greater delays in particular cases, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which a trial must start. See 18 U.S.C. § 3161(h). Under § 3161(h)(1)(A), the period of time during which a defendant is being examined to determine his mental competency to stand trial is excludable from the speedy trial period. 18 U.S.C. § 3161(h)(1)(A); see also United States v. Oberoi, 547 F.3d 436, 457 (2d Cir. 2008). Thus, on August 25, 2007, the clock was automatically stopped to allow various psychiatric professionals to examine Maxwell and render their opinions.

Under Jackson v. Indiana, 406 U.S. 715 (1972), the defendant has a right to be held no more than a reasonable amount of time necessary to determine whether he is competent to stand trial or is likely to attain competency to stand trial in the foreseeable future. The Court in Jackson declined to prescribe arbitrary time limits. See id. at 738; see also 18 U.S.C. § 4241 (stating that, once the court finds a defendant incompetent to stand trial, the court shall commit the defendant to the custody of the Attorney General to be hospitalized in a suitable facility "for

such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward," and "for an additional reasonable period of time until . . . his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward").  Therefore, "whether a pretrial detention is reasonable is left to the judgment of the trial court."  United States v. Deshazer, 451 F.3d 1221, 1225 (10th Cir. 2006).

In this case, I find that the defendant's rights under Jackson have not been violated.  Rather, his continued commitment is justified in light of the Butner evaluators' opinion that he can be restored to competency in the foreseeable future through voluntary or involuntary medication, an issue Judge Johnson will address shortly.  Accordingly, the defendant's motion is denied.

SO ORDERED.

Dated: Brooklyn, New York
February 11, 2009

/s/
ROBERT M. LEVY
United States Magistrate Judge